The Judges pronounced their opinions.
JUDGE TUCKER.
The circumstances of this case appear to be extremely hard. The complainant appears to be a loser, without the fraud, default, or neglect of the defendant, who seems to have proceeded to perform his undertaking to have the lands, purchased of M’Conico, in Kentucky, surveyed with fidelity, and, as far as in him lay, with prudence and discretion. The county surveyor, a sworn public officer, was, of all others, the person most proper to apply to, to noint out and divide lands located in a wilderness. That the surveyor acted unfaithfully appears evident from his own depositions. He imposed first upon Betts, and afterwards upon Cralle 246 himself. It would seem *to me that the bond which Cralle tore, being given by him and accepted by Betts for a conveyance of lands therein particularly described, was pleadable in bar of any action or suit for a specific performance of the original contract, or for damages for the breach thereof; (except, perhaps, for expenses incurred by Betts;) consequently, Mr. Call is mistaken in supposing Betts might still avail himself of that contract. The second and third bonds, given when the compromise took place, not only in full satisfaction for the 300 acres of land claimed by Betts, but as full compensation to him for his services rendered, cannot therefore be said to have been given without any consideration. Cralle either has or may *100 have, the whole lands, now, if found; or, if they cannot be found, he has his action against M’Conico for damages. Of those damages Betts, under the original contract was entitled to a proportion ; to which, as also to all other recompense for his trouble and expenses, he has by the compromise yielded all claim. I cannot think it competent to a Court of Chancery to set aside so many deliberate acts between the parties, and reinstate the original contract between them. I am therefore of opinion, that the Chancellor erred in reversing the decree of the County Court, and that his decree ought to be reversed, and that of the County Court established and affirmed.
JUDGES ROANE and FEEMJNG,
were of the same opinion. The decree of the Chancellor was therefore unanimously reversed, and that of the Countj' Court affirmed.